### CLAUD NOE v. THE STATE.

No. 3916.   Decided February 2, 1916.

#### 1.—Robbery—Indictment—Description of Money.

Where, upon trial of robbery, the indictment properly described the money alleged to have been stolen and was otherwise sufficient, there was no reversible error. Following Sims v. State, 64 Texas Crim. Rep., 435, and other cases.

**2.—Same—Bills of Exception.**

Where the bills of exception were not filed within time allowed by the order of the court, they must be stricken from the record on the motion of the State.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The evidence for the State shows that the defendant and his companion forcibly threw down the prosecuting witness, and by force took the money away from him without his consent.

*Louis Wilson,* for appellant.—Upon the question of the insufficiency of the evidence: Powell v. State, 60 Texas Crim. Rep., 201, 131 S. W. Rep., 590; Hall v. State, 72 Texas Crim. Rep., 161, 161 S. W. Rep., 457; Williams v. State, 69 Texas Crim. Rep., 163, 153 S. W. Rep., 1136; Johnson v. State, 35 Texas Crim. Rep., 140.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of robbery, and his punishment assessed at seven years in the penitentiary.

The indictment alleges that appellant robbed R. W. Burden of "eleven dollars in money, which then and there passed current as money of the United States of America and of the value of eleven dollars." All the other allegations in the indictment are regular and sufficient. Appellant contends that this description of the money was a fatal defect in the indictment. Both under our statute and the many decisions of this court, this description of the money was clearly sufficient. Arts. 458 and 468, C. C. P.; Sparks v. State, 77 Texas Crim. Rep., 154, 177 S. W. Rep., 968; Ferrell v. State, 68 Texas Crim. Rep., 487; Sims v. State, 64 Texas Crim. Rep., 435, and the cases therein cited. A large number of others could be cited, but it is unnecessary.

The court below by two separate orders allowed altogether eighty days after the adjournment of court at which appellant was tried for him to file bills of exceptions. They were not filed within that time but show to have both been approved and filed several days thereafter. The motion of the Assistant Attorney General to strike them out and not consider them must, therefore, be sustained, both under the statute and the uniform decisions of this court.

The evidence was unquestionably sufficient to sustain the verdict. Appellant's bills of exception being filed too late and struck out, there is nothing else raised which can be reviewed.

The judgment is, therefore, affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.