DAVIDSON, J., not present at consultation.

---

NOE v. STATE. (No. 3916.)

(Court of Criminal Appeals of Texas. Feb. 2, 1916.)

1. ROBBERY ⊚⟼17 — INDICTMENT — DESCRIPTION OF PROPERTY—SUFFICIENCY.

Under Code Cr. Proc. 1911, arts. 458, 468, providing that a general description of property by name, kind, quality, number, and ownership shall be sufficient, and that in indictments for theft, etc., of coin or paper current as money it shall be sufficient to describe the property in general terms as money, an indictment for robbery of "$11 in money, which * * * passed current as money of the United States, * * * and of the value of $11," sufficiently described the property.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 16–23, 26; Dec. Dig. ⊚⟼17.]

2. CRIMINAL LAW ⊚⟼1092—BILL OF EXCEPTIONS—TIME TO FILE.

Bills of exceptions, approved and filed after the time fixed by orders allowing the filing of bills after adjournment of court, cannot be considered, but must be stricken out on motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⊚⟼1092.]

Appeal from Criminal District Court, Dallas County; W. L. Crawford, Jr., Judge.

Claud Noe was convicted of robbery, and he appeals. Affirmed.

Louis Wilson, of Dallas, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of robbery, and his punishment assessed at seven years in the penitentiary.

[1] The indictment alleges that appellant robbed R. W. Burden of "eleven dollars in money, which then and there passed current as money of the United States of America, and of the value of eleven dollars." All the other allegations in the indictment are regular and sufficient. Appellant contends that this description of the money was a fatal defect in the indictment. Both under our statute and the many decisions of this court, this description of the money was clearly sufficient. Articles 458 and 468, C. C. P.; Sparks v. State, 177 S. W. 968; Ferrell v. State, 68 Tex. Cr. R. 495, 152 S. W. 901; Sims v. State, 64 Tex. Cr. R. 435, 142 S. W. 572, and the cases therein cited. A large number of others could be cited, but it is unnecessary.

[2] The court below by two separate orders allowed altogether 80 days after the adjournment of court at which appellant was tried for him to file bills of exceptions. They were not filed within that time, but show to have both been approved and filed several days thereafter. The motion of the Assistant Attorney General to strike them out and not consider them must therefore be sustained, both under the statute and the uniform decisions of this court.

The evidence was unquestionably sufficient to sustain the verdict. Appellant's bills of exception being filed too late and struck out, there is nothing else raised which can be reviewed.

The judgment is therefore affirmed.

DAVIDSON, J., not present at consultation.