Francis S. BEAUDOIN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 38532.

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

Rehearing Denied Jan. 5, 1966.

Ochsner, Nobles & Baughman, by Frank J. Baughman, Amarillo, for appellant.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery; the punishment, ten years.

Appellant's co-principal testified for the State that on the night in question he and the appellant robbed the attendant at a filling station on Amarillo Boulevard in that city, that appellant exhibited a pistol and that he exhibited a knife when each of them announced that "this is a stickup".

Appellant's confession recites practically the same facts.

The witness McCurry testified that he operated a filling station on Amarillo Boulevard, that he left the station at six o'clock in the care of Douglas Colbert whose duty it was to manage the station until 10:00 p. m., their normal closing hour. He stated that on the 10 o'clock news he learned that his station had been robbed and that when he arrived at the station two policemen were there with Douglas Colbert and that a check of his cash register slip showed that $99.50 was missing. He stated further that Douglas Colbert had left his employment

by the time of the trial and that he did not know where he might be located.

Appellant testified before the Court at the hearing on the issue of the voluntary nature of the confession and before the jury on the merits. He admitted that he was at the filling station on the night in question with his co-principal and that he took money out of the cash register, but stated that he signed tthe confession because the officers promised to recommend a suspended sentence to the prosecutor if he confessed. Both officers named in appellant's testimony denied that they had made any such representation to appellant. Both the Court and the jury chose to accept the officer's version of the facts concerning the taking of the confession.

■ Appellant's first contention is that since Douglas Colbert was not called as a witness the Court should have granted his motion for instructed verdict. Reliance is had upon Sparks v. State, 77 Tex.Cr.R. 154, 177 S.W. 968, 969. In that case the indictment charged that John Noles had been robbed. The injured party did not testify, and there was no showing that the person the witness McDaniels saw being robbed was in fact John Noles. Such is not the case at bar. The indictment charged that Douglas Colbert was robbed and McCurry said that Colbert was in charge of his station and was there at the station with the police when he discovered that the money was missing from his register. In the relatively recent case of Harrell v. State, 172 Tex.Cr.R. 418, 358 S.W.2d 126, we stated that the rule in this Court has been well established that the testimony of an accomplice witness together with the confession of the accused is sufficient to establish corpus delicti.

■ Appellant's next contention is that the Court erred in permitting the prosecutor to question appellant about a prior confession which he had made in an earlier case in which he had been given probation, but was no longer under probation due to an

order of the Court. His contention is that Section 7 of Article 781d Vernon's Ann. C.C.P. should be construed to read that the earlier conviction should be made known to "the Court" and not the jury. We find it unnecessary to pass upon such a question because when appellant testified that he had been tricked into signing the confession by the officers in this case, it then became proper to question him as to any other confession he may have made and as to whether or not he had been tricked into making it. Appellant cites no authority, and we are aware of none which would hold such a question reversible error.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.