FELIX BROWN v. THE STATE.

No. 4471. Decided January 20, 1909.

#### 1.—Murder—Recalling Jury—Charge of Court—Practice.

Where upon trial for murder the court recalled the jury and changed his charge by erasing the word "pistol" and inserting instead thereof the word "gun"; and there was no injury to defendant shown, there was no error; besides this matter was not properly verified in the record upon appeal.

#### 2.—Sufficiency of the Evidence.

Where upon trial for murder the evidence showed threats and motive, and that defendant was placed in a position to have committed the deed; that he showed anxiety after the homicide; and that the party, whom defendant claimed did the killing, was not at or about the place of the homicide, etc., the same was sufficient to sustain the verdict.

Appeal from the District Court of Brazos. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the first degree, the punishment assessed being life imprisonment.

There are no bills of exception in the record. It is insisted that the court erred in recalling the jury from their deliberation upon the verdict, and in changing the charge by erasing the word "pistol" and inserting instead thereof the word "gun." He says that this alteration of the charge was calculated to influence the jury in finding a verdict against him. There is nothing in the record to verify this statement. It is simply so alleged in the motion for a new trial, but even if it had been made to appear in fact that this change was made, it was wholly immaterial. But in any event there is no injury shown even had the matter been fully verified.

It is contended that the evidence is not sufficient to support the conviction. This is a case of purely circumstantial evidence. While the circumstances in this case are not as cogent as in some cases of this character, yet we are of opinion same are sufficient under the rules of law governing this character of evidence. Threats and motives are both shown in the testimony. Appellant was placed in a position on the night of the homicide to have committed the deed. He showed anxiety about it the following morning and even that night, upon reaching home, shortly after the deceased was killed, he told his wife that another party by the name of Jones had done the killing. It was not known until next morning about seven o'clock that deceased had been killed. Appellant was riding a horse on the night of the homicide, and a very short time prior to the homicide he alighted from his horse and turned him over to another man with the request to take charge of him while he (appellant) went back to see a woman to fulfill an engagement with her. This woman testified appellant had no engagement with her, but she had heard him make an engagement with another woman at the same place, which seems to have been a house of prostitution. Appellant is not shown, except by his own testimony, to have returned to this house—at least he did not call on either the woman he testified he had an engagement with, or the woman the other witness testified he had made an engagement with. The other witness was friendly to appellant and testified in his behalf. Appellant, at the time he turned over the horse to his friend, was right near where the homicide was a short time afterwards perpetrated. Some ten or fifteen minutes, or at least a very short time after the shots were heard, appellant reached his home and told his wife that Jones had killed deceased. Evidence was introduced by the State to show that Jones was not at or about the place of the homicide on the occasion in question. Jones himself testified, as did his wife, with perhaps some other corroborating circumstances, that he was at home on this particular night; that Jones' wife and his children were sick and he remained with them that night on this account. Jones owned a pistol similar to the one

with which the killing occurred; that is, it carried the same size ball as that which caused the death of the deceased, to wit: a 45-caliber pistol. The sheriff examined the pistol the following day and saw no evidence of its having been recently fired. In fact, his testimony tends to exclude the idea that it had been fired the night before or at any recent time. No one saw appellant, however, with the pistol on the night in question. It may be that appellant is not guilty, but the circumstances indicate that he is. No one knew of the killing of the deceased until the next morning about seven o'clock, except appellant and his wife, to whom he communicated the information a very short time after the shooting. It is true that he said Jones did the killing, but if he and his wife are to be believed he gave her information of it as soon as he reached home, after the shooting. If Jones did kill deceased appellant knew it, because he gave the information to his wife. The State proved a clear alibi for Jones. So, take the circumstances altogether, we are of opinion that the jury were warranted in reaching the conclusion they did, and so believing it is ordered that the judgment be affirmed.

*Affirmed.*