Ex parte BURROUGHS. (Court of Criminal Appeals of Texas. Oct. 16, 1912.) Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge. Habeas corpus by J. C. Burroughs for his discharge from custody under a warrant issued by the Governor honoring the requisition of a sister state and ordering accused to be turned over to the agent of the sister state. From a judgment remanding the applicant to custody, he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Applicant was arrested, charged with an offense in the state of Missouri; the Governor of Texas honoring the requisition of the Governor of Missouri, and ordering the relator to be turned over to J. H. Myers, agent of the state of Missouri, to be by him transported to Missouri. Relator sued out a writ of habeas corpus, upon the hearing of which he was remanded to the custody of Mr. Myers, from which judgment he prosecutes this appeal. The only question raised on appeal is that the testimony is insufficient to identify him as the person named in the requisition. This cannot be sustained, and the judgment of the district court is affirmed.

---

COLEMAN v. STATE. (Court of Criminal Appeals of Texas. Nov. 13, 1912.) Appeal from District Court, Galveston County; Clay S. Briggs, Judge. F. Coleman was convicted of robbery, and he appeals. Affirmed. Miles Crowley, Co. Atty., and Henry O'Dell, Asst. Co. Atty., both of Galveston, Walter E. Cranford, Asst. Co. Atty., of Ralls, and C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of robbery, and seems to rest his case upon one question, to wit, the insufficiency of the indictment, in that it is duplicitous. The writer has disagreed with the majority of the court upon this question, in which they have held the character of indictment here set forth is not duplicitous. In accordance with the view, therefore, of the majority as announced in Green v. State, 147 S. W. 593, which overrules Murdock v. State, 52 Tex. Cr. R. 262, 106 S. W. 374, appellant's contention cannot be sustained. Under that authority the indictment is sufficient. It is unnecessary, we think, to review any other question in the record. As presented, the judgment is affirmed.

---

Ex parte KELLETT. (Court of Criminal Appeals of Texas. Oct. 30, 1912.) Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge. Petition by Jack Kellett for a writ of habeas corpus. From a judgment remanding the relator to custody, he appeals. Reversed. Andrews, Ball & Streetman, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was arrested, charged with murder, and resorted to a writ of habeas corpus before the judge of the criminal district court of Harris county for bail. Upon a hearing, the judge refused bail, and remanded the relator to custody. We are of opinion the court was in error. Without stating the facts or commenting upon them, we are of opinion the relator is entitled to bail, and that the amount of it be fixed in the sum of $5,000. The sheriff of Harris county will take bond in that amount in the terms of the law, upon the giving of which by relator he will be discharged from custody.

Ex parte LLOYD. (Court of Criminal Appeals of Texas. Oct. 23, 1912.) Appeal from District Court, Archer County; P. A. Martin, Judge. Habeas corpus by John Lloyd to admit to bail. From a judgment remanding relator without bond, he appeals. Reversed, and bail fixed. Edgar Scurry, Dist. Atty., of Wichita Falls, R. E. Taylor, of Henrietta, and C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was arrested, charged with homicide, to wit, the killing of Ernest Davis. Habeas corpus proceedings were resorted to before Judge Martin, who, upon a hearing, remanded the relator to custody without bond. After a careful review of the facts, we are of opinion the court was in error, and relator is entitled to bail. The judgment, therefore, of the court below will be reversed, and bail ordered in the sum of $10,000. The officer having relator in custody will take bail in the above amount in the terms of the law, upon giving which bond relator shall be released from custody. The judgment is reversed, and bail fixed in the sum of $10,000.

---

RICE v. STATE. (Court of Criminal Appeals of Texas. Nov. 6, 1912.) Appeal from Anderson County Court; O. C. Funderburk, Judge. Troupe Rice was convicted of petty theft, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was convicted of petty theft, and his penalty fixed at a fine of $5 and 10 days' confinement in the county jail. There is no bill of exceptions in the record, nor is there any statement of facts. None of the questions attempted to be raised by appellant in his motion for new trial can be considered or passed upon without a statement of facts. The judgment is affirmed.

---

Ex parte SNEED. (Court of Criminal Appeals of Texas. Oct. 30, 1912. On Rehearing, Nov. 9, 1912.) Appeal from District Court, Potter County; James N. Browning, Judge. Application of John Beal Sneed for a writ of habeas corpus. From a judgment remanding him to the custody of the sheriff, he appeals. Reversed. McLean, Scott, McLean & Bradley, of Ft. Worth, Madden, Trulove & Kimbrough and F. M. Ryburn, all of Amarillo, and W. F. Ramsey, of Cleburne, for appellant. H. S. Bishop, Dist. Atty., and Cooper, Merrill & Lumpkin, all of Amarillo, Odell & Turner, of Ft. Worth, and C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Relator was indicted by the grand jury of Potter county, charged with murder. He sued out a writ of habeas corpus before Hon. J. N. Browning, judge of the district court, praying that he be granted bail. After hearing the evidence the court remanded relator to the custody of the sheriff, from which judgment he prosecutes this appeal. Able counsel appeared in this court in behalf of the relator and for the state, and have filed briefs evidencing research, study, and thought, and to each of which we have given much attention. However, after a careful study of the record, we have arrived at the conclusion that the court was in error in refusing relator bail, and the judgment is reversed. Bail is granted in the sum of $20,000.

PRENDERGAST, J. (dissenting). I have reached a different conclusion, from a careful