CHAS. I. CROUCH v. THE STATE.

No. 5617. Decided March 17, 1920.

1.—Robbery—Indictment—Duplicitous Pleading—Firearms.

Where, upon trial of robbery, the indictment alleged that Charles I. Crouch in and upon W. C. Carter did make an assault and did then and there by said assault and by violence and by putting the said W. C. Carter in fear of life and bodily injury and by then and there using and exhibiting a firearm, to wit, a pistol, the same was not duplicitous and properly alleged the offense under the statute.

2.—Same—Rule Stated—Pleading—One Offense.

It is essential that the indictment should charge either an assault or violence or putting in fear of life or bodily injury, whether it was committed with a firearm or by other means, and charging the same conjunctively is not duplicitous pleading, following Reum v. The State, 49 Texas Crim. Rep.,

125, and other cases; besides, the statute does not denounce two offenses but only one offense, connected with which there may be aggravated facts increasing the punishment, following Garcia v. State, 19 Texas Crim. App., 389, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable Joe Burkett.

Appeal from a conviction of robbery by the use of fire-arms; penalty, five years imprisonment in the penitentiary.

The opinion states the case

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

On question of sufficiency of the indictment: Robinson v. State, 149 S. W. Rep., 186; Bell v. State, 177 S. W. Rep., 966.

MORROW, Judge.—The appellant appeals from a sentence of confinement in the penitentiary for five years for the offense of robbery. The indictment contains the following:

"Charles I. Crouch in and upon W. C. Carter did make an assault and did then and there by said assault and by violence and by putting the said W. C. Carter in fear of life and bodily injury and by then and there using and exhibiting a firearm, to-wit, a pistol."

A reversal is sought on the ground that the indictment is duplicitous in that it charges in one count two felonies with different punishments. The statute denouncing robbery is as follows:

"If any person by assault or violence or by putting in fear of life or bodily injury shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

If it be conceded that robbery without the use of firearms and robbery with the use of firearms are separate offenses, we fail to discern that the indictment under consideration offends against the rule denouncing duplicitous pleading. It is apparent from the statute, that an element of robbery is an assault. To charge the offense of robbery with a deadly weapon it is obvious that an averment that in committing the robbery an assault with a deadly weapon was made would be appropriate. It seems likewise clear that an indictment merely charging that the accused fraudulently took from the possession of the person injured property, with the intent to appropriate, by the use of a firearm, would be incomplete and inadequate to charge an offense.

It seems to the writer essential that the indictment should charge either an assault, or violence, or putting in fear of life or bodily in-

jury, whether it was committed with a firearm or by other means. Charging assault, violence, and putting in fear conjunctively would not render the indictment duplicitous. Moore v. State, 37 Texas Crim., 552; Reum v. State, 49 Texas Crim. Rep., 125. Assuming the correctness of the proposition last stated, the indictment in question, conceding that there are two separate offenses, charging but one, namely, that the accused fraululently acquired the property of Carter by an assault, and by violence, and by putting him in fear of life and bodily injury by the use of a firearm; in other words, conceding the correctness of appellant's premise that their are two offenses, this indictment adequately charging one of them, namely, that by the use of firearms, the effect of which would be not to destroy the indictment but to confine the State to prove that in committing the offense the firearm was used. The facts are not before us. It is presumed that they support the allegations. The writer is of the opinion, however, that the statute does not denounce two offenses, but that its effect is to define one offence connected with which there may be aggravating facts increasing the punishment. Aside from the conflicting views expressed by members of this court indicated in Murdock v. State, 52 Texas Crim. Rep., 262, Green v. State, 66 Texas Crim. Rep., 446, Bell v. State, 77 Texas Crim. Rep., 146, Robinson v. State, 67 Texas Crim. Rep., 79, 149 S. W. Rep., 186, and Flanagan v. State, 116 S. W. Rep., 54, we are of the opinion that the view that the reference to the firearm or deadly weapon in the statuate is but a matter of aggravation, and its embodiment in the indictment with the other elements of robbery does not render the indictment duplicitous. See Bishop's New Criminal Procedure, Vol. 3, Sec. 63; State v. Flynn, 258 Missouri, 211; State v. Williams, 183 S. W. Rep., 308; Beaumont v. State, 1 Texas Crim. 533; Garcia v. State, 19 Texas Crim. App., 389.

From what has been said an affirmance of the judgment must result.

*Affirmed.*