LOPEZ ROBERTO v. THE STATE.

No. 5908.  Decided October 20, 1920.

1.—Robbery—Firearms—Indictment—Duplicitous Pleading.

Where, upon trial of robbery with firearms, the indictment followed approved precedent, an objection which claimed that the same was duplicitious in charging two separate and distinct offenses was correctly overruled. Following Crouch v. State, 87 Texas Crim. Rep., 115.

2.—Same—Charge of Court—Definition of Assault.

Where, upon trial of robbery with firearms, the court correctly submitted a charge in defining an assault, etc., an objection thereto was correctly overruled.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable Geo. E. Hosey.

Appeal from· a conviction of robbery with firearms; penalty, imprisonment in the penitentiary for five years.

Omitting formal parts of the indictment, the same alleged that the defendant did then and there by using and exhibiting a firearm to wit, a pistol, make an assault in and upon one Ed. H. Looney, hereinafter called injured party, and did then and there, by means aforesaid, use violence to and upon said injured party and by the use and exhibition of said pistol, as aforesaid, did put the said injured party in fear of life and bodily injury, and did then and there fraudulently and against the will and without the consent of the said injured party take from the person and possession of the said injured party the following personal property, to wit: one watch of the value of fifty dollars, and one dollar in money, the same then and there being the property of the said injured party, with the intent then and there on the part of him, the said defendant, to deprive the said injured party of the value of the same and to appropriate it to the use and benefit of him, the said defendant, against the peace and dignity of the State.

The court, after giving the statutory definition of assault and of an assault with intent to rob by firearms, gave the following charge applicable to the facts: "Under the foregoing definition you are instructed that, if you believe from the evidence beyond a reasonable doubt that the defendant on or about the fourteenth day of Decem-

ber, 1919, in the County of Tarrant and State of Texas, as alleged in the indictment, did unlawfully and wilfully make an assault upon the person of Ed. H. Looney and then and there by said assault using and exhibiting the firearm, to wit, a pistol, did fraudulently take from the person and possession of the said Ed. H. Looney, without the consent and against the will of the said Ed. H. Looney, the personal property described in the indictment, to wit, one watch of the value of fifty dollars and one dollar in money, with the intent to appropriate the same to the use and benefit of him, the said defendant, and you further find from the evidence, beyond a reasonable doubt, that he used or exhibited a firearm in the commission of the offense, then you will find him guilty as charged and assess his punishment at death or by confinement in the penitentiary for any term of not less than five years.''

*Baskin, Eastus & Ammerman,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was charged with the offense of robbery with firearms, in the Criminal District Court of Tarrant County, and upon conviction his punishment was fixed at confinement in the penitentiary for a term of five years. There is no statement of facts in the record.

Appellant filed a motion to quash the indictment, because the same was duplicitous, and charged two separate and distinct offenses, to wit: robbery by force, and placing in fear of bodily harm of the person robbed; and also of the offense of robbery with firearms, for which offense the punishment may be death.

Without going into any detailed discussion of the principles involved, we will simply state that this question was decided against appellant in the recent case of Crouch v. State, 87 Texas Crim. Rep., 115, 219 S. W. Rep., 1100.

Complaint is also made in the motion for new trial, of that part of the court's charge defining an assault. We have carefully examined the charge of the court, and find no error therein. There are no bills of exception, and no errors apparent anywhere in the record.

The judgment of the trial court will be affirmed.

*Affirmed.*