P. GUYON v. THE STATE.

No. 6182. Decided April 6, 1921.

Rehearing denied May 11, 1921.

1.—Robbery—Ownership—Indictment—Corporation—Special Owner.

Where the indictment alleged that the assistant cashier of the bank was the owner, etc., in a trial for robbery, the fact that the property belonged to the bank, a corporation, did not render it necessary that it should be named in the indictment as the owner, naming the special owner in possession would comply with the requirements of the law. Following Otero v. State, 30 Texas Crim. App., 450, and other cases.

2.—Same—Rule Stated—Ownership—Robbery—Assistant Bank Cashier.

The rules with reference to the allegation and proof of ownership in the offense of robbery are not more restrictive than those pertaining to the offense of theft, and where the alleged owner was an assistant cashier of the bank and at the alleged time, when the robbery was committed, had the management of the bank's affairs, and there was no officer of the bank present except him and the janitor, the ownership and possession was correctly alleged in the indictment.

3.—Same—Grades of Offense—Charge of Court—Robbery.

Where, upon trial or robbery, the evidence showed that the alleged own-
er was forced to open the vault and surrender the money, being put in fear
of life by the acts of defendant, there was no error in refusing to charge on
the lower grades of the offense. Following Brown v. State, 61 Texas Crim.
Rep., 334, and other cases.

4.—Same—Duplicitous Pleading—Indictment—Decisions Overruled.

The contention that the indictment is duplicitious in that it charges
robbery by assault and by the use of firearms, is one that this court sanc-
tioned in the case of Murdock v. State. 52 Texas Crim. Rep., 263, but from
which it later receded, in Crouch v. State, 87 Texas Crim. Rep., 115.

5.—Same—Jury and Jury Law—Special Venire—Waiver.

Where the defendant wilfully abandoned the challenge of a juror on his
voir dire, he is not in position, after verdict, to annul the result of the trial
on this account. Following Lowe v. State, 88 Texas Crim. Rep., 316, and
other cases.

6.—Same—Owner—Indictment—Salaried Men—Officers of Bank—Servant.

All officers of banks are salaried men, from the President down, and
are servants of the bank. But, being a corporation, the bank can act only
through its officers. and where the party alleged in the indictment in the
instant case was one of the officers through whom the bank acted, he was
correctly alleged as the owner in a trial for robbery, and he was not simply
a servant in custody of property. Distinguishing Hasley v. State, 87 Texas
Crim. Rep., 444.

7.—Same—Joint Control—Assistant Cashier—Indictment—Owner.

Where the owner alleged in the indictment, in trial for robbery, was
the only officer of the bank present at the time, and there was no such
exclusive control, care, and management of the president as made it neces-
sary to aver ownership in him to the exclusion of the other officers of the
bank, the indictment is sufficient. Following Hasley v. State, supra.

8.—Same—Control, Care, and Management—Charge of Court.

Where the issue, as to whether the alleged owner was in actual control,
care, and management of the money in the bank. was not raised by the
evidence, there was no error in not submitting a charge thereon.

9.—Same—Money—Definition of Money—Description.

It has been held in many cases that it is sufficient description of the
property stolen simply to allege that it was money, which is held to mean
the money of the United States; and where the evidence in the instant case
described the property as money, the averments in the indictment are suffi-
cient to sustain it. Following Berry v. State, 46 Texas Crim. Rep., 420, and
other cases. It was not necessary for the court to define the term "money"

Appeal from the District Court of Uvalde. Tried below before the
Honorable Joseph Jones.

Appeal from a conviction of robbery; penalty, ten years confine-
ment in the penitentiary.

The opinion states the case.

L. Old, for appellant.—On question of ownership: Thurmond v.
State, 17 S. W. Rep., 1098; White v. State, 5 id., 857; Lynch v.

State, 53 id., 693; Mills v. State, 184 id., 509; and cases cited in the opinion.

*C. M. Cureton*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.—On question of ownership: Bell v. State, 177 S. W. Rep., 966; Robinson v. State, 149 id., 186.

MORROW, PRESIDING JUDGE.—Appellant was convicted of robbery; punishment fixed at confinement in the penitentiary for a period of ten years.

In the indictment Lawrence Little is named as owner. Little was an employee of the Uvalde State Bank, a corporation; one, Brashear was the cashier, and McNally the president. Little and Brashear, the cashier, usually reached the bank in the morning at about the same hour. They both, as well as the president, knew the combination to the vault and the safe in which the bank's money was kept. The one first arriving would open the vault and arrange the affairs of the bank for the conduct of business. On the day the offense was committed, Brashear was absent from town. Little went to the bank at his usual time and found there the janitor, one Anderson. Soon after his arrival, the appellant entered wearing a suit of overalls and a false face and carrying a pistol in his hand. By threats he caused Little to open the vault and the safe and to take therefrom the sum of over $6,000 in currency, which was delivered to the appellant. These facts were not controverted but appellant insists that inasmuch as the money taken was the property of the bank, there is a variance between the proof and the averment of ownership. The fact that the property belonged to the corporation did not render it necessary that it should be named in the indictment as the owner. Price v. State, 55 Texas Crim. Rep., 160; Ricks v. State, 41 Texas Crim. Rep., 677; Thurmond v. State, 30 Texas Crim. App., 539. Naming the special owner in possession would comply with the requirements of the law. (Art. 457, Code of Crim. Procedure; Otero v. State, 30 Texas Crim. App., 450; Bailey v. State, 20 Texas Crim. App., 68; Alexander v. State, 24 Texas Crim. App., 126; Branch's Ann. Tex. Penal Code, Sec 2440 and 2477.

The rules with reference to the allegation and proof of ownership in the offense of robbery are not more restrictive than those pertaining to the offense of theft. Ruling Case Law, Vol. 23, page 1154, Sec. 20 and notes.

Appellant insists, however, that under the evidence Little was a mere custodian or servant, and therefore was not a special owner within the meaning of the law. The relation of Little to the personal property in the bank was disclosed by the evidence without conflict. McNally, the president, testified that he had supervision of the bank and was there practically every day; that both Brashear, the cashier, and Little were compensated with a salary; that Brashear ordinarily had

89 Tex.—19

the management of the bank's affairs under the supervision of a board of directions and the president. Little kept the books and was head man in the absence of Brashear. McNally said that his principal work was to advise the cashier regarding loans and extensions; and that in the absence of Brashear, Little's authority was the same as the cashier. Little was assistant cashier. The cashier, according to the evidence, had authority to lend the bank's funds; that Little, in conducting the business, made loans. At the time the offense was committed, there was no officer of the bank present save Little, and no other employee save the janitor. Its funds, after the safe was opened, was taken out of the safe by Little. That Little was a special owner of the property and in possession of it at the time of the robbery, under the evidence, is not, we think, a matter of doubt. Bagley v. State, 3 Texas Crim. App., 167; Branch's Texas Crim. Law, Sec. 781; L. R. A. New Series, Vol. 21, page 312, and note.

The evidence is not controverted that Little was caused to open the vault and safe, and to deliver the money in obedience to the command of the appellant by holding in his hand a loaded pistol, in a manner manifesting an intent and ability to enforce his demand by the use of the weapon. It is also in evidence, without conflict, that Little complied because he was put in fear of his life by the acts of the appellant.

We discern no reason for charging on the lower grades of offenses. The evidence all pointed to the offense of robbery. The consent of Little to the delivery does charge the nature of the offense. Wharton's Crim. Law, Vol. 2, Sec. 1091; Brown v. State, 61 Texas Crim. Rep., 334; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593.

The contention that the indictment is duplicitous in that it charges robbery by assault and by the use of fire-arms, is one that this court sanctioned in the case of Murdock v. State, 52 Texas Crim. Rep., 263, but from which it later receded. Crouch v. State, 87 Texas Crim. Rep., 115, 219 S. W. Rep., 1099, and cases therein cited.

One of the jurors on the special venire list, on his *voir dire,* stated that he had an opinion touching the merits of the case, and also that he was a director of the First State Bank of Uvalde. The district attorney thereupon asked that he be excused. The court assented and appellant's attorney interposed an objection, stating that the indictment named Little as the owner and the record did not disclose any such interest of the First State Bank as would disqualify the juror, whereupon the court withdrew the dismissal of the juror and he was taken as a juror, the appellant, at the time, having unused peremptory challenges. Upon these facts and the development in the evidence of the interest of the First State Bank in the money taken, the appellant, after verdict, sought a new trial because of the disqualification of the juror. The funds of the bank were recovered. If the juror was disqualified, the appellant had power to waive it. His waiver was af-

firmative, and appellant at the time was conscious of the fact that the money taken was the property of the First State Bank of Uvalde; that the vault and safe which he forced the officer to open belonged to the bank and he was afforded the right to challenge the juror for cause and had available peremptory challenges by means of which juror service upon the jury could have been avoided. By his conduct, he wilfully abandoned a known privilege and after the verdict is not in a position, by reasserting it, to annul the result of the trial. The court was right in refusing to sustain this ground of the motion for a new trial. In a very recent case, we have reviewed the subject of a waiver of the disqualification of a juror and there will be found in the reasons given the citation of precedents and references to statutes contained in the opinion of Judge Lattimore in the case of Lowe v. State, 88 Texas Crim. Rep.,316, 226 S. W .Rep., 675, all and more than will be demanded in the disposition of the point raised upon the present occasion.

There is no error revealed. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 11, 1921.

HAWKINS, JUDGE.—Appellant has filed motion for rehearing in which he vigorously contends that we were in error in holding Little to have been the special owner of the Bank's property at the time of the robbery. We did not set out the testimony in full on the subject in the original opinion, but reached the conclusion that there was no merit in appellant's contention.

Little was assistant cashier; in the absence of Brashear, the cashier, he performed all the duties of the cashier; Brashear was out of the city at the time of the robbery, and had been for two or three days; McNally, the president of the bank, was in the city, but not in the bank when the robbery occurred. Counsel for appellant lay stress on the fact that the evidence disclosed that Little was a "salaried" man. and therefore a servant of the bank, and special ownership could not therefore be alleged in him.

All officers of banks are salaried men, from the president down, and in the sense that they are subject to the will of the directors, are servants of the bank; but being a corporation, the bank can act only through its officers; Little in this case was one of the officers through whom the bank acted. We are referred to Hasley v. State, 87 Texas Crim. Rep., 444, 222 S. W. Rep., 597, and counsel quotes from the opinion the following: "Mr. Gibbs was simply a servant, with the custody of the property, under the supervision of Spence, and there was no evidence to support any other theory;" then urges that if Judg'

LATTIMORE was right in that opinion, then, the court is wrong in the former opinion in this case. We believe the Hasley opinion is right, but do not agree with counsel that it must necessarily follow that the present one is wrong. In the Hasley opinion, the very paragraph succeeding the one from which the above quotation is taken reads: "Care, control, and management are not necessarily exclusive in one person, but may be joint in several, within the comprehension of our law of theft; and, unless the evidence raises the issue of exclusive care, control, and management in some person other than the one named as the owner in the indictment, it is not necessary to present such issue to the jury." In view of the insistence of counsel for appellant upon this issue, we have again carefully examined the evidence, and believe we are justified in reaching the conclusion that the money of the bank was in the joint control, care and management of the president, cashier, and assistant cashier, and that ownership could properly be alleged in the assistant cashier; especially is this true where he was the only officer of the bank present at the time of the robbery. There was no such exclusive control, car, and management of the president, Mc-Nally, as made it necessary to aver ownership in him to the exclusion of the other officers; and the fact that he may have exercised general supervision under the direction of the board of directors would not change the rule.

Appellant contends the testimony raised an issue as to whether Little was in actual control, care and management of the money, and that the trial judge committed an error in failing to submit such issue to the jury. If the issue was fairly raised it ought to have been submitted. We cannot agree with the contention that it was raised. When the whole evidence is considered it clearly reflects Little's relation to the money; leaves no disputed ground, and fairly construed, raises no such issue; and we believe the court would have been wholly unwarranted in submitting it. What we have said above applies with equal cogency to the contention that the court ought to have submitted the question as to whether Little was a mere servant of the bank.

Appellant complains because we did not discuss his assignment of error to the court's failure in his charge to define "money." It has been held in many cases that it was sufficient description of the property stolen simply to say it was "money." We do not take the time to cite the many cases, but some of them will be found collated under Section 619, Branch's Crim. Laws. It has also been decided in many cases that an allegation that property was "money" will be held to mean the money of the United States. The evidence in the instant case describes the property as twenty, ten and five dollar bills, and repeatedly refers to the same as "money." If it is sufficient to describe the property as "money," and if that means United States money, and the evidence follows the description, and the property is continually referred to as "money" the averments in the indictment are sufficiently met by the proof. Some of the cases cited by counsel for appellant in

his brief on this point have been expressly overruled, and others by a general statement that all cases in conflict with the following are overruled. Berry v. State, 46 Texas Crim. Rep., 420; Ferrell v. State, 68 Texas Crim. Rep., 487; Sparks v. State, 77 Texas Crim. Rep., 154, 177 S. W. Rep., 968. It was not necessary for the court to define the term "money." The confusion formerly existing upon this point we regard as settled by the overruling cases last above cited.

Being unable to agree with the counsels contentions that our former opinions is erroneous, the motion for rehearing is overruled.

*Overruled.*