### ARCHIE LANGRUM V. THE STATE.

No. 17131. Delivered January 16, 1935.
Rehearing Denied (Without Written Opinion) February 27, 1935.

The opinion states the case.

*R. G. Allen,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery with firearms is the offense; penalty assessed at confinement in the penitentiary for twenty-five years.

The alleged injured party is W. C. Martin. Appellant testified in his own behalf. The evidence is conflicting. Martin's testimony, if believed by the jury, is quite sufficient to support the conviction. His testimony shows that appellant entered the witness' place of business, presented a pistol, threatened his death, and demanded and received money. Appellant denied his identity as the robber. Much testimony on behalf of both the State and appellant is found in the statement of facts, compromising some 250 pages of the record. A further recital of the evidence is not deemed necessary.

The sufficiency of the indictment is challenged upon the ground that it is duplicitous. The contention is based on the proposition that the indictment charged that the robbery was by assault and violence by putting Martin in fear of his life and bodily injury, and by the exhibition of a pistol. The case of Murdock v. State, 52 Texas Crim. Rep., 262, 106 S. W.,

374, upon which appellant relies, has not been followed, but it has been expressly overruled in Green v. State, 66 Texas Crim Rep., 446; Crouch v. State, 87 Texas Crim. Rep., 115; and Guyon v. State, 89 Texas Crim. Rep., 287. Upon the authority of the cases mentioned, the motion to quash the indictment was properly overruled.

In the motion for new trial it appears that appellant was tried for robbery on two separate transactions. One case was No. 8268, and the case at present on trial is No. 8267. In the present case, appellant presented a motion for new trial, and by agreement of counsel the evidence heard in Cause No. 8268 was used in passing upon the motion. The legal proposition to which the evidence related was the claim of appellant that the indictment was void for the reason that there was race discrimination against the appellant in the selection of the members of the grand jury and the petit jury which tried his case. We have examined the evidence, and for reasons which follow, a recital of it in detail in this opinion is unnecessary. The evidence is not regarded as in any essential particular different from that which was before the court in Ramirez v. State, 119 Texas Crim. Rep., 362, 40 S. W. (2d) 138, which was appealed to the Supreme Court of the United States, the decision of that court being reported in 284 U. S., 659, 76 Law Ed., 558.

Appellant challenges the sufficiency of the indictment upon the ground that it was obnoxious to the Fourteenth Amendment to the Federal Constitution in that there was race discrimination against appellant in the selection and action of the grand jury which found the indictment against him. The contention is untenable for the reason that it was waived by the appellant. The waiver consisted in his pleading to the indictment and proceeding to trial without raising the question upon which he now relies. From the record it definitely appears that appellant made no complaint upon the ground mentioned during his trial but after conviction he, for the first time, in his motion for new trial presented the plea to which reference is made. The controlling precedents are collated in the case of Juarez v. State, 102 Texas Crim. Rep., 297 (see p. 301).

The evidence is direct and not circumstantial. The alleged injured party was definite in his statement that he had personal contact with the appellant and recognized him. A charge on circumstantial evidence was therefore properly refused.

The suggestion that the court should have warned the jury against deciding the case by lot or other process of calculation

was met. The court instructed the jury, in substance, that the verdict should not be so found. The jury was specifically told in the court's charge that the evidence given upon a previous trial could not be used against the appellant upon the present trial.

There are no bills of exception in the record.

There is criticism of the court's instruction to the jury on the defense of alibi. However, the criticism seems entirely unfounded as the jury was instructed in language approved in the decisions of this court. In addition to defining the defense of alibi, the court instructed the jury in the following language:

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if the same was committed, at the time of the commission thereof, you will find the defendant 'not guilty.'"

While testifying as a witness in his own behalf, the appellant, in answer to an inquiry from the State's attorney, gave testimony to the effect that he was under indictment in a different case for the offense of robbery. Appellant answered in the affirmative. The court instructed the jury that his testimony upon the subject was not evidence of his guilt; that if considered at all by the jury, it could be considered alone upon the credibility of the accused as a witness. From the charge we quote:

"* * * you are instructed not to consider said testimony, if you consider it at all, for any other purpose whatsoever."

The court further instructed the jury as follows:

"Neither is the fact that the grand jury returned an indictment in this case, or any other case, any evidence of the guilt of the defendant, of any offense, and you are instructed that you will not consider any such indictment as any evidence of the guilt of the defendant."

Having become a witness in his own behalf, the accused was properly the subject of legitimate cross-examination. See article 710 C. C. P., and notes thereunder in Vernon's Ann. Tex. C. C. P., Vol. 2, p. 726; also Hargrove v. State, 33 Texas Crim. Rep., 431; 26 S. W., 993, and many other decisions of this court.

Upon the record before us, we are constrained to affirm the judgment. It is so ordered.

*Affirmed.*