GEORGE BROOKS V. THE STATE.

No. 22082.   Delivered April 29, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*W. E. Pinkston,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Robbery by assault is the offense; the punishment, ten years' confinement in the State penitentiary.

According to the testimony of the injured party, the appellant was one of two persons who robbed him of the sum of thirteen dollars. The robbery was effected by putting the injured party in fear of life by exhibiting a pistol, or what appeared to him to be a pistol.

Appellant, testifying as a witness in his own behalf, denied that there was a robbery, that a pistol was exhibited, or that

violence of any character was used. The effect of his testimony was that the injured party lost his money as a result of a confidence game sometimes referred to as "pigeon dropping," engaged in by appellant and two other parties.

It was within the province of the jury to determine the disputed issues of fact. The evidence is sufficient to sustain the jury's finding.

Appellant complains because the trial court did not charge on the issue of simple assault. The facts did not raise such an issue. If any assault was committed, it was in connection with, and was a part of, the robbery. The jury was instructed to acquit appellant if it entertained a reasonable doubt as to whether the robbery was effected.

Complaint is made of the trial court's refusal to submit the case to the jury on the law of circumstantial evidence. The testimony of the injured party was both direct and positive that appellant was present at, and aided and assisted in, the commission of the robbery. A charge on circumstantial evidence was, therefore, neither required nor called for.

The count in the indictment upon which the conviction was predicated charged that the robbery was effected: by assault and violence and by putting the injured party in fear of life and bodily injury; and by exhibiting a pistol. By motion to quash, the appellant attacked the sufficiency of the indictment on the ground that it was duplicitous in that it charged both an ordinary felony and a capital felony in the same count. In his brief, appellant cites Murdock v. State, 106 S. W. 374, 52 Tex. Cr. R. 262, as sustaining his position. The Murdock case has long since been overruled and was never followed by this court. Green v. State, 147 S. W. 593, 66 Tex. Cr. R. 446; Crouch v. State, 219 S. W. 1099, 87 Tex. Cr. R. 115; Guyon v. State, 230 S. W. 408, 89 Tex. Cr. R. 287; and Langrum v. State, 79 S. W. (2d) 850, 128 Tex. Cr. R. 125.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant files a motion for rehearing alleging seven grounds upon which he says this court was in error. The first four pertain to the matters discussed in the original opinion and, inasmuch as the motion presents no new argument, we find no purpose in re-discussing the things which have been considered in the original opinion.

He then says that this court erred in failing to sustain his contention set forth in Bills of Exception Nos. Five, Six, Seven and Eight. Bill of Exception No. Five complains of questions asked a deputy sheriff and his answers thereto, detailing the things that were said by the sheriff to him. The conclusion is summarized in the statement that the sheriff "told us to go to Snyder's Filling Station." This bill makes no attempt to point out the harm done to appellant and we are unable to perceive of any.

Bills Nos. Six and Seven complain of evidence by Claude Brown, the injured party, of things done and said by Nick Jones. The objection lodged to this evidence was "because it was what somebody else had said in connection with the transaction." We observe from the record that Nick Jones was a co-defendant acting with appellant in the perpetration of the crime and it further appears that the things said and done by Jones was in appellant's presence and "in connection with the transaction." It will not be necessary to discuss the matter further, it being clearly admissible.

Bill of Exception No. Eight is qualified by the court to show that no objection was taken to the question and answer involved.

A further careful consideration of the record in this case fails to reveal any error committed by the court below.

The motion for rehearing is overruled.