Jerry L. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42995.

Court of Criminal Appeals of Texas.

July 8, 1970.

Moises Vicente Vela, Harlingen (By Appointment), for appellant.

F. T. Graham, Dist. Atty., and Joel Wm. Ellis, Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, 10 years.

Upon a plea of guilty following the waiver of a jury, the court assessed the punishment. In his brief on appeal, appellant makes three contentions. First, he contends that the prosecutor recommended seven years, and he thought that such would be his sentence. We note that the careful trial court told appellant before he accepted his plea that he would not be bound by the recommendation of the lawyers. Second, he contends that the indictment against him was duplicitous and prejudicial. No motion to quash was filed, no objection was made, and we find the indictment to be regular on its face, Willson, Texas Criminal Forms, Sec. 1951 (7th Edition, 1966). Third, he contends that certain testimony given at a prior habeas corpus hearing, which was introduced in evidence, did not affirmatively show that he had been warned of his right against self incrimination. Such testimony was introduced without objection. When such testimony was introduced, appellant's counsel stated that he had no objection.

In quoting from Glenn v. State, Tex.Cr. App., 442 S.W.2d 360, we cited Bee v. Beto, 5 Cir., 384 F.2d 925, as follows: " ' * * * the Fifth Circuit Court of Appeals held that a guilty plea entered by a Texas state defendant was conclusive as to the defend-

ant's guilt, admitted all facts charged in the indictment and waived all nonjurisdictional defects (including federal constitutional questions), citing White v. Beto [5 Cir.], 367 F.2d 557; Law v. Beto [5 Cir.], 370 F. 2d 369 and Haynes v. United States [5 Cir.], 372 F.2d 651.' Hoskins v. State, Tex. Cr.App., 425 S.W.2d 825."

Finding no reversible error, the judgment is affirmed.