**Ronnie Wayne MULLENIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46427.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 17, 1973.

Jerry J. Loftin, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Timothy E. Thompson, T. H. Haire, George McManus, and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. Punishment was assessed at thirty years.

The record reflects that the appellant and Wallace Berry Guyden robbed an employee of a cigarette vending machine vendor of approximately $800.00 and some cigarettes. The robbery occurred while the victim was in his van truck which was parked in front of a store in Ft. Worth. He was there for the purpose of collecting money and replacing cigarettes in a vending machine. The appellant grabbed the victim by his hair while Guyden held a knife to the victim's throat to accomplish the robbery.

The appellant was arrested some twenty days later when he was caught shoplifting at another store in Ft. Worth. Appellant tried to escape at the time of this arrest. The trial court did not permit the jury to hear the purpose of the shoplifting arrest, but the arrest itself and the attempted escape were introduced into evidence at the trial in the instant case to show flight.

■ On this appeal appellant urges four grounds of error, the first being a contention that a reputation witness was improperly impeached. The record reveals that when the questions were asked and answered no objection was interposed; hence, nothing is presented for our review. E. g., Humphrey v. State, Tex.Cr.App., 479 S.W.2d 51; Blanco v. State, Tex.Cr.App., 471 S.W.2d 70.

■ The second ground of error complains of the limiting charge the trial court gave the jury concerning the arrest of appellant. As heretofore pointed out, the testimony concerning appellant's arrest was offered to show flight.

Appellant objected to the inclusion in the court's charge of the following:

"You are instructed that certain evidence was admitted in evidence before you in regard to the defendant's having been arrested on an occasion other than the offense for which he is now charged. Such evidence was admitted before you only for the purpose of showing the arrest of the defendant and for no other purpose."

In 31 Tex.Jur.2d, Instructions, Sec. 146, p. 721, it is written:

"It is well established that when there is introduced evidence of another offense that might be improperly used against the accused, it is proper for the court to forestall such misuse of the evidence by an appropriate charge limiting the evidence to the purpose for which it was admissible."

Clearly, it was proper for the court to limit the jury's consideration of such evidence to the purpose for which it was admissible.

■ The third ground of error complains of the admission into evidence of a knife. The victim identified the knife as one that was "just like" the one used in the robbery.

The weapon with which the crime was committed or alleged to have been committed is admissible into evidence. The lack of positive identification of the weapon affects its weight as evidence rather than its admissibility. E. g., Jackson v. State, Tex.Cr.App., 486 S.W.2d 764.

■ Finally, the appellant complains of the two-count indictment as being "duplicitous." The first count of the indictment alleges, robbery by use of a deadly weapon, to-wit, a knife; and the second count al-

leges, robbery by assault and violence and by putting the injured party in fear of life and bodily injury. The record contains no request that the state make an election.

The court charged the jury on the second count. No error is shown. See, e. g., Johnson v. State, Tex.Cr.App., 456 S.W.2d 917; Brooks v. State, 144 Tex.Cr.R. 206, 161 S.W.2d 1069.

There being no reversible error, the judgment is affirmed.