ROME ELLINGTON v. THE STATE.

No. 1320. Decided October 25, 1911.

Rehearing denied November 29, 1911.

**1.—Theft of Cattle—Continuance—Want of Diligence.**

Where the subpoena was issued in a different case and not in the instant case, there was no error in overruling the motion for continuance for want of diligence.

**2.—Same—Evidence—Bill of Exceptions.**

Where no bill of exceptions was reserved to the admission of testimony, there was nothing to review on appeal.

**3.—Same—Charge of Court—Principals.**

Where the objection to the court's charge on principals did not point out the error, the same could not be considered; besides, there was no error.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

See opinion for facts in companion case No. 1319.

*J. P. Word,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Bosque County, charged with theft of cattle, and on a trial being had, he was convicted and sentenced to the penitentiary.

In his motion for a new trial appellant complains of the action of the court in overruling his application for a continuance.

The court, in approving this bill, says no subpoena had ever issued for the witness in this cause, and from an inspection of the record it appears that the subpoena was issued in a different case, conse-

quently the court did not err in overruling the motion, as there was a total lack of diligence.

The appellant also complains in his motion that the court erred in admitting the testimony of the witnesses Price, Baldridge and Parks. No bill of exceptions was reserved to the action of the court in admitting this testimony, consequently there is nothing presented for us to review.

Appellant also complains that the "court committed error in that part of the main charge wherein he defined who are principals. Said charge was not called for by the evidence, and was calculated to and did mislead the jury. The same was upon the weight of the testimony, and same is here now assigned as error." This is rather a general suggestion of error, but from a careful reading of the charge we fail to find any charge whatever on who are principals, consequently it can not be upon the weight of the testimony, nor have misled the jury.

These are the only grounds stated in the motion, except it is claimed that the evidence is insufficient to support the verdict. From a careful reading of the testimony, we think it sufficient.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]