## CHARLES COLE v. THE STATE.

No. 2288.   Decided April 23, 1913.

Rehearing denied May 14, 1913.

**1.—Seduction—Continuance—Want of Diligence.**

Where defendant's application for a continuance showed a want of diligence and that the alleged absent testimony was of an impeaching character, there was no error in overruling the application.

**2.—Same—Evidence—Rebuttal.**

Where the defendant was seeking to elicit the sympathy of the jury by showing that he had paid all of the expenses incurred by prosecutrix in giving birth to her child, there was no error in permitting the State to show that he did not do so.

**3.—Same—Evidence—Condition of Prosecutrix.**

Where defendant did not deny that he had carnal intercourse with the prosecutrix, but that he made no promise to marry her, it was immaterial that testimony was introduced as to when the father of the prosecutrix was informed of her condition with reference to being with child; besides, the bill, as qualified, showed that the person informing said father was a go-between of prosecutrix and defendant.

**4.—Same—Evidence—Absence of Defendant.**

Where the evidence disclosed that the money given to prosecutrix to leave the county was with the knowledge and consent of the codefendant, it was immaterial whether he was present when the money was actually given to her.

**5.—Same—Charge of Court—Accomplice—Circumstantial Evidence.**

Where, upon trial of seduction, the court gave a correct charge on accomplice testimony and charged that the corroborative evidence need not be direct and positive, independent of the testimony of the prosecutrix, but that proof of facts and circumstances tending to support her testimony, etc., was sufficient, there was no error.

**6.—Same—Charge of Court—Reasonable Doubt.**

Where, upon trial of seduction, the court submitted the doctrine of reasonable doubt to the whole case, it was not necessary in the court's charge on accomplice testimony, etc., to reiterate the reasonable doubt.

**7.—Same—Requested Charges.**

Where the record did not show that the requested charges were either given or refused, it must be presumed that they were given, and where another special charge was covered by the main charge, there was no error in refusing it.

**8.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence sustained the conviction, under a proper charge of the court, there was no error.

**9.—Same—Re-opening Case—Discretion of Court.**

It is a matter within the sound discretion of the court as to whether a case may be reopened after testimony has been closed, and there appearing no abuse of discretion or that the testimony rejected would have produced a different result, there was no error.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case. .

*R. J. Murphree* and *Eidson & Eidson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *J. R. McClellan,* for the State.—On question of continuance and impeaching testimony: Patton v. State, 58 Texas Crim. Rep., 231, 125 S. W. Rep., 24; Early v. State, 51 Texas Crim. Rep., 382, 103 S. W. Rep., 868; Powell v. State, 49 Texas Crim. Rep., 473, 93 S. W. Rep., 544; Scott v. State, 68 S. W. Rep., 177.

On question of court's charge and refusal of requested charges: Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 616.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of seducing Anna Belle Bullington and his punishment assessed at two years confinement in the penitentiary.

That appellant had carnal intercourse with the prosecuting witness is not denied, he testifying himself to several acts of intercourse. He, however, denies that he was engaged to marry the prosecutrix, and that she yielded her virtue to him in consideration of said promise. The prosecutrix by her testimony makes a case of seduction, and she is corroborated sufficiently by John Wright both as to the promise of marriage and intercourse and other circumstances to sustain the verdict.

There was no error in overruling the motion to continue the case. Appellant was indicted and arrested in March, 1912. The case was not tried until the following September. If he relied on his sister's word that she would attend court, this would not be diligence in law. In addition to this the testimony he stated he expected to prove by her would be impeaching in its nature, and this would be such testimony that we would not be authorized to hold the court erred in refusing to continue the case. .

On cross-examination of the prosecutrix defendant proved by her that he and his brother had given her $278 to go to Fort Worth and give birth to her child, and thus seek to conceal her shame, and in consideration of the money being furnished she had agreed to release him from all obligation to her. On redirect examination the State was allowed to show that defendant did not pay all the expense, but her father paid part of it. Under the circumstances this was not such error as would call for a reversal of the case. Appellant was seeking to elicit the sympathy of the jury by showing that he had paid all these expenses, for this would be no defense to a prosecution for the offense, if committed, and if he did not do so, it was permissible to so show. He seemed to have succeeded, however, for the jury gave him the lowest penalty authorized by law.

As to who informed J. D. Bullington of the condition of his daugh-

ter, and when he was so informed, would be immaterial in the condition of this record. Appellant does not deny that he had intercourse with the daughter; that she gave birth to a child, his sole contention being that it was under such circumstances as would not constitute seduction, therefore when and where the prosecutrix's father learned of her condition could not injuriously affect appellant. The court, at the time witness testified he was informed by Dr. Boyer, verbally instructed the jury not to consider any statement of Dr. Boyer, unless the evidence would show that he was acting under the instructions and at the instance of defendant. Defendant objected to the court verbally instructing the jury. In approving the bill the court states: "First. I thought then and now that what I said to the jury was in his, defendant's, behalf and for his benefit, and was intended by me as a precaution for the proper protection of his rights before the jury. Second, the evidence of the defense as well as that of the State clearly shows that Dr. Boyer was the 'go between' of prosecutrix and the defendant, and that he had been selected by them to conduct the negotion going on between the prosecutrix and her father and the defendant. Third. However, I left the question of Boyer's authority to act for defendant to the jury in the instruction I gave to them in question." As thus qualified the bill presents no error.

It would have been immaterial whether or not appellant was present in Dr. Boyer's office when the money was given to the prosecutrix to leave the county and go to Fort Worth. It was being done with his knowledge, consent and acquiescence, and he was furnishing the money, therefore, the testimony he had to be persuaded by his brother to go would not be material to any issue in the case.

The court instructed the jury: "You are instructed that under the law the witness Anna Belle Bullington is an accomplice, now you can not convict the defendant upon her testimony alone, unless you first believe her testimony is true and that it shows the defendant is guilty of the offense charged in the indictment, and even then you can not convict the defendant upon said testimony alone unless you further believe that there is other evidence tending to connect the defendant with the offense charged. In this connection you are instructed that corroborative evidence need not be direct and positive independent of the testimony of Anna Belle Bullington, but proof of such facts and circumstances as tend to support her testimony, and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction as hereinbefore defined to you and which tend to connect the defendant with the commission of the offense charged, will fulfill the requirement of the law." Defendant objects to that portion of the charge wherein the court instructs the jury that the accomplice may be corroborated by circumstantial evidence. We think this a correct rule, and any fact that may be proven in a case by positive testimony can also be proven by circumstantial evidence, if of sufficient probative force. In this case the witness was corroborated both as to

the promise of marriage and intercourse by positive testimony. Nor was it necessary to in this paragraph instruct the jury in regard to reasonable doubt, for in the very next paragraph the court applied the doctrine of reasonable doubt to the whole case, instructing the jury: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and in this case if you have a reasonable doubt of the defendant's guilt you will acquit him and say by your verdict not guilty."

There are two special charges contained in the record, but they are neither marked "given" nor "refused," and we are wholly unable to determine whether or not they were given, except as to charge No. 2. In a bill of exception it is shown this charge was refused, and as no bill was reserved to the other, we must presume that it was given. This second charge, we think, sufficiently covered by the main charge under the facts in this case. The intercourse was admitted by the defendant. So the sole issue left for determination was, did she submit by reason of his promise of marriage, and seductive conduct. The court instructed the jury: "You are instructed that seduction as used in the statute means to lead an unmarried female under the age of twenty-five years away from the path of virtue; to entice or persuade her by means of a promise of marriage to surrender her chastity, and have carnal intercourse with the man making the promise. The promise of marriage by the man, and the yielding of her virtue in consideration of that promise, constitute the gist of the offense, and the evidence must show beyond a reasonable doubt, that the female yielded her virtue alone upon the consideration of the promise to marry her made by the man to whom she does so yield. The offense is not complete until the female has been seduced, that is, corrupted, deceived, drawn aside from the path of virtue which she was pursuing." It is thus seen the court instructed the jury there could be "no seduction unless she yielded her virtue alone upon consideration of a promise of marriage."

As to whether a case will be reopened after the testimony has closed, is a matter within the sound discretion of the court, and under the facts in this case we can not say he abused his discretion in deciding not to permit the case to be opened the morning after the testimony had closed. Nor could the testimony have been conducive to any different result if all the testimony admissible on the issue sought to be injected into the case had been adduced.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 14, 1913.—Reporter.]