Tomas Carreon v. The State.

No. 6576. Decided January 18, 1922.

#### 1.—Robbery—Indictment—Firearms.

Upon trial of robbery, where the indictment charged an assault and violence by the use of a pistol, the motion to quash because the indictment charged in one count both robbery and robbery by the use of fire arms was properly overruled. Following Bell v. State, 77 Texas Crim. Rep., 146 and other cases.

#### 2.—Same—Suspended Sentence—Definition of Robbery—Firearms.

There is only one definition of robbery in our code. The penalty only is enlarged where firearms are used, and there was no error in refusing defendant to permit him to file an application for suspended sentence.

#### 3—Same—Variance—Name of Party Injured—Ownership.

Where the party alleged in the indictment as owner, etc., testified that as manager he had the care and control of the money of the bank, there was no error in overruling the question raised as to variance, and the fact

that another was present with the party alleged in conveying the money when the assault was made did not show any such variance. Following Hasley v. State, 87 Texas Crim. Rep., 444, and other cases.

### 4.—Same—Evidence—Co-Defendant—Husband and Wife.

Where the defendant objected to the introduction of the wife to appellant's co-defendant and she testified over appellant's objection, but the judgment is reversed and the cause is remanded on another ground, this court is not called upon to pass on this bill of exception; however, upon the question suggested by the bill this court refers to the case of·Bluman v. State, 33 Texas Crim. Rep., 43, and other cases.

### 5.—Same—Accomplice—Theory of Defense—Charge of Court.

Where the conviction depended chiefly upon the testimony of an accomplice, but defendant testified that he had no knowledge of any intent on the part of his co-defendant, but drove to the place where the robbery was committed at the direction of his companions, and that he was simply hired as a service car driver, and requested the court to submit this issue to the jury in a requested charge, which the court refused, same was reversible error, following Duncan v. State, recently decided.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of robbery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery with punishment assessed at fifteen years in the penitentiary.

The indictment charges robbery of B. F. Darbyshire by an assault and violence, and by the use of a pistol. Motion to quash was presented on the ground that the indictment charged in one count both robbery and robbery by the use of firearms. The contention is without merit. Bell v. State, 77 Texas Crim. Rep., 146, 177 S. W. Rep., 966; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593.

Complaint is made (Bill of Exception No. 2) that the court declined to permit the filing of an application for suspended sentence on the ground that while Article 865b, Vernon's C. C. P., does not permit a suspended sentence in robbery, there is no such inhibition where the robbery is with firearms. There is only one definition of robbery in our Code (Art. 1327, Vernon's P. C.). The penalty only is enlarged where a firearm is used. The offense is still robbery. No error was committed in refusing to permit the plea.

The question is raised in various ways that there is a variance between the proof and the averments in the indictment, the contention being that the evidence shows the money to have been taken from E. E. Nold, whereas the indictment alleges it was taken from B. F. Darbyshire. Darbyshire was the president and manager of the Darby-

shire-Harvie Iron and Machine Company. Nold was the secretary of the same concern. On the day of the robbery they had gone together to the bank and gotten the money to pay off the employes. The money was in a sack and the sack was placed on the seat between them in their car. They drove to the sidewalk immediately in front of their place of business. As they stepped out of the car Nold picked up the sack and the holdup instantly occurred. Nold threw the sack on the sidewalk behind him, and it was secured by one of the robbers. Both Darbyshire and Nold were assaulted and covered with pistols by two men. Darbyshire testified that as manager he had the care and control of the money as they were taking it from the bank to their place of business. The most that can be said is that it may have been in their joint possession. The facts do not show such exclusive care, control and management in Nold as would render fatal an allegation of possession in Darbyshire. The fact that Nold and not Darbyshire picked up the sack to carry it across the sidewalk into their place of business would not we think make it inappropriate to still charge possession in Darbyshire. They were both present and acting together in conveying the money. Hasley v. State, 87 Texas Crim. Rep., 444, 222 S. W. Rep., 579; Guyon v. State, 89 Texas Crim. Rep., 287, 230 S. W. Rep., 408.

Francisco Ortiz, Guadalupe Torres and appellant were jointly indicted for robbery. Appellant only was on trial. The State introduced the wife of appellant's co-defendant, Torres, and she testified over appellant's objection. The bill of exception leaves it uncertain as to the condition of the prosecution against Torres at the time of the trial in the instant case. The bill recites that the case against Torres had not been finally disposed of, and that Torres himself was present at court, but was not called by the State to testify. We do not discuss this bill of exception at length, because the case must be reversed upon another ground, and whatever may have been the condition of the prosecution with reference to Torres it would likely not be the same upon another trial; however, upon the question suggested by the bill we refer to the following cases: Bluman v. State, 33 Texas Crim. Rep., 43; Dungan v. State, 39 Texas Crim. Rep., 115; Dill v. State, 1 Texas Crim. Rep., 278 and Bowmer v. State, 55 Texas Crim. Rep., 416, 116 S. W. Rep., 798.

Francisco Ortiz, one of appellant's codefendants, was used as a witness by the State. He testified that the robbery in question was the result of an agreement entered into by appellant, Torres and himself. He makes out a complete case against appellant of participation in the robbery. This is also supported by other evidence in the case. Appellant testified that he was a service car driver, and that Ortiz came to him on the morning of the robbery and hired his (appellant's car), with apepllant to drive the same; that he had no knowledge of any intent on the part of Ortiz and Torres to perpetrate a robbery, but that he drove to the place where the robbery was committed at the

direction of Ortiz and was sitting in his car reading a paper at the time the robbery was committed, and had no knowledge thereof; that Ortiz and Torres, after the robbery, re-entered the car and compelled him at the point of a pistol to drive the car away and aid them in the attempt to escape. In this state of the record appellant requested the following special charge, which the court refused to give.

"If you should believe and find from the evidence that Ortiz and Torres employed the defendant herein for the purpose of driving around the city and that while so driving they, the said Ortiz and Torres, committed the offense of robbery by the use of firearms and that at said time and place of the alleged robbery the defendant herein was not cognizant of their said unlawful act, if any, and that thereafter he assisted the said defendants in an attempt to escape under coercion by the said Ortiz and Torres, then and in that event, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.' "

If appellant had no knowledge of the purpose of said codefendants to perpetrate a robbery, and was not cognizant that one was being committed at the time, he would not be guilty of any offense. After the robbery was committed, even though he may have then learned thereof, if he was compelled by his codefendants to drive the car away in their effort to escape, he would not be guilty of any offense. The charge requested pertinently submitted to the jury in an affirmative way appellant's defense. The charge given by the court did not give any presentation of appellant's defensive theory whatever. We quote from the case of Leon Duncan v. State, 90 Texas Crim. Rep., —, decided January 4, 1922:

"Perhaps there is no better settled proposition in our practice than that where there is a defensive theory it should be submitted in the charge in an affirmative manner, and this is now imperative in a proper case where a special charge affirmatively submitting such defensive theory is requested, unless such affirmative presentation substantially appeared in the main charge. Martin v. State, 57 Texas Crim. Rep., 264; Walker v. State, 63 Texas Crim. Rep., 499; Porter v. State, 48 Texas Crim. Rep., 301; Art. 737, Vernon's C. C. P."

The court may have thought little reliance should be placed on appellant's testimony, and the jury may have given as little credence to it, but the issue was fairly raised and under the well settled law in this State, appellant was entitled to his affirmative presentation of it.

For the failure to give the requested charge, the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*