LEONA MOXLEY v. THE STATE.

No. 15334. Delivered November 2, 1932.
Rehearing Withdrawn November 23, 1932.
Reported in 54 S. W. (2d) 125.

The opinion states the case.

*R. W. Haynie,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assesesd at confinement in the penitentiary for one year.

From the evidence, it appears that Hulen Rutherford, a youth eighteen years of age, and the appellant, Leona Moxley, a woman, about twenty-two years of age, had been keeping company with each other for some time. The appellant was an elevator operator at the Wooten Hotel, at which place Rutherford was also employed. Using a telephone, the appellant called Rutherford to meet her at a certain place, which she named. He met her and they walked on the street together, she stating that she was going to see a friend. She led the way to the office of Mr. Bledsoe, a lawyer. They entered Bledsoe's office together. She told Mr. Bledsoe they wanted to get married. He explained the conditions under which they could get married, and she asked him if they could not have a secret marriage, to which he replied in the negative. Assuming that was all she wanted, Bledsoe turned his attention to another matter when he heard a pistol fire. He saw Rutherford fall to the floor and saw a pistol in the hands of the appellant. Bledsoe took the pistol from the appellant and called for help. He gave testimony, however, that there was an attempt to fire the second shot.

Appellant bore a good reputation in every respect and had attended the schools and churches in Abilene. She had recently been in care of a dentist due to some defect in her teeth. She had apparently been suffering from nervousness, and had surrendered her position as a stenographer because of her health. All of her friends testified that she had had a nervous breakdown and had been treated for nervous troubles. She had at times exhibited fits of madness and appeared extremely nervous. This was spasmodic, and the witnesses gave no information as to the cause of it other than as stated above.

At the close of the evidence, counsel for the appellant stated that he expected the attendance of Doctor Cash, the family physician, who had known the appellant practically all her life; that Dr. Cash had promised to be present at the trial but had sometime previous thereto been in an automobile accident which fractured the vertebra, and he informed counsel that he could not attend the trial. A verbal motion to permit counsel to withdraw his announcement of ready for trial was made and overruled.

In the motion for new trial the affidavit of Doctor Cash was presented, in which it was stated that he had been injured in an automobile accident which produced a fracture of the vertebrae and pelvis bone, and he had been confined for some two months under constant medical treatment; that he had

promised the appellant's attorney that he would be present on Friday, October 30th, at the time the case was called for trial, but he had suffered a severe set-back and was unable to leave his bed and attend the trial on that day; that if he had been present, his testimony would have been in substance as follows: "That he knows *Leora* Moxley, the defendant in said cause and that he had known her since she was five years old and has been her family physician. That he is acquainted with her physical condition and has been observing her for several years with reference to a nervous derangement caused by her physical condition. That he has advised an operation in an attempt to cure her nervous affliction but that she has not been operated upon. That her physical condition is such that she suffers from a high nervous tension, nervous break-downs and spells of irresponsibility. That this condition has gotten worse the last two years and she has consulted with him frequently regarding her condition. That she is a stenographer by profession and he advised her to abandon this line *or* work and attempt some other work to see if this would assist in curing or helping her physical condition and her nervous system. That upon his advice she quit her job as stenographer and accepted a job in the Wooten Hotel as elevator girl. That she was under his treatment at the time of the commission of the offense with which she is charged in this case, and that at that time her nervous system was in such a condition that she was not responsible for her acts. The affiant says that had he been able to testify in said cause he would have testified in substance to the above facts and that such are the facts."

The claim for review is based upon the absence of Doctor Cash. It seems that he had not been subpoenaed; that he had been confined to his home for two months immediately preceding the trial. There was no showing that any effort was made to take his depositions, nor legal motion to continue or postpone the case. Under the circumstances, there is apparently such lack of diligence to secure the testimony of Doctor Cash as would deny this court the authority to reverse the conviction. The cases in point are Boxley v. State, 100 Texas Crim. Rep., 334, 273 S. W., 589; Ellington v. State, 63 Texas Crim. Rep., 426; Cole v. State, 70 Texas Crim. Rep., 459; Norton v. State, 102 Texas Crim. Rep., 213.

The judgment is affirmed.

*Affirmed.*