ELI C. BRATCHER v. THE STATE.

No. 16159.   Delivered January 24, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W.. (2d) 86.

The opinion states the case.

*McLean, Scott & Sayers,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and his punishment assessed at confinement in the state penitentiary for a term of eight years.

The testimony adduced upon the trial reveals the fact that the appellant and his nephew, Olin Bratcher, on the 20th day of October, 1932, robbed the Bryson State Bank. The appellant testified in his own behalf admitting his participation in the robbery of said bank but asserted that he did so under duress in that his nephew with a pistol threatened him and forced him

to assist in the robbery. The nephew, Olin Bratcher, testified that he did not threaten or coerce the appellant and that he did not stick a pistol in the ribs of his uncle, the appellant, and threaten to kill him if he did not assist in the robbery.

By bill of exception No. 1 the appellant complains of the action of the trial court in overruling his application for a continuance by reason of the absence of W. S. Fant, president of the First National Bank of Weatherford, Texas, by whom the appellant expected to prove that said witness was personally acquainted with the defendant; that defendant's credit was good for $750.00 to $1000.00 and that his reputation for truth, veracity, and honest dealings was good. He averred that said witness was ill and confined to his bed as disclosed by a doctor's certificate under whose care he, the said witness, was, and which is attached to the application. The court's qualification to said bill discloses the fact that one of appellant's attorneys on Sunday afternoon, the day prior to the day of the trial, called the trial judge over the telephone and advised the judge of Mr. Fant's condition, whereupon the court suggested that the defendant use Mr. George Fant, the active vice-president of said bank, or the cashier or any of the other 8 or 10 employees of said bank. The qualification further shows that when the motion for the continuance was presented the county attorney agreed in open court that defendant could get a written statement from Mr. Fant, whether sworn to or not, and use it at the trial and that he, the county attorney, would admit as true the statements so made by Mr. W. S. Fant, but defendant declined to avail himself of the proposed agreement, insisting upon the presence of the witness at the trial. The court overruled said motion for continuance and appellant excepted. It has been held by this court in the cases of Wright v. State, 37 Texas Crim. Rep., 627, 40 S. W., 491; Benson v. State, 43 S. W., 527; Hogue v. State, 146 S. W., 905, and Yarborough v. State, 147 S. W., 270, that the absence of character witnesses is no ground for a continuance.

By bill of exception No. 2 appellant complains of the action of the trial court in permitting the state, after both the state and defendant had rested and before argument began, to reopen the case and place Olin Bratcher on the stand and who denied having threatened and coerced the appellant into assisting in the robbery of said bank. The court in his qualification to said bill states that the defendant's counsel asked a reasonable time in which to reassemble his witnesses, which was granted by the court, but in a few minutes the defendant announced that he would not attempt to do so, and then filed his motion for a con-

tinuance. Article 643, C. C. P., provides for the introduction of testimony before the argument is concluded. See, also, Cole v. State, 156 S. W., 929; Fluewellian v. State, 128 S. W., 621.

By bill of exception No. 4 appellant complains of the action of the trial court in interrogating the witness T. L. Stewart and developing the fact that Mr. Stewart was in charge of all the money in the Bryson Bank and that the same was taken without his consent, to which appellant objected for the reason that it was a comment by the court upon the weight of the evidence. As we view the bill of exception it fails to show any comment on the evidence by the court but does disclose the fact that the court interrogated the witness and elicited from said witness the facts shown in the bill of exception, but this, to our view, does not disclose any error. However, we do believe it would be better practice for the trial court to permit the district attorney to develop the state's case and thereby avoid any possible impression of the court's opinion of any testimony adduced by either the state or the defendant. Being of the opinion that the bill does not disclose any error, the same is overruled. See Milo v. State, 127 S. W., 1026; Drake v. State, 143 S. W., 1157.

Bills of exception 5 and 6 relate to the same matter as disclosed in bill of exception No. 4 and advance the same legal proposition, and are therefore overruled for the same reason. Bill of exception No. 7 is without merit and is overruled.

By bill of exception No. 8 the appellant complains of the action of the trial court in permitting the district attorney, over appellant's objection, to ask the defendant on cross-examination if he had been indicted for forgery in Young County in the year 1912. The court in his qualification to said bill states that the testimony was admitted because counsel for defendant on direct examination asked the defendant whether he had ever been indicted for a felony during his lifetime, to which the defendant replied, "No," whereupon the district attorney on cross-examination asked the question objected to and to which appellant replied, "I was arrested there about 1912. I had forgotten about that matter. They arrested me for giving a check with my brother's name signed to it by me." If the state had originally elicited this evidence for the purpose of impeaching the defendant, it would not have been admissible because it was too remote, but the defendant voluntarily in his own behalf testified that he had never been charged with a felony in his lifetime; that he was past 60 years of age and thereby sought to convey the idea that it was improbable and unreasonable to assume that he, at such an advanced age, would voluntarily and

without being forced so to do depart from the straight and narrow path and engage in a bank robbery. It has been held by this court that whenever material facts are introduced which tend to affect the issue, the other side has a right to deny, contradict, or explain that testimony, showing its falsity or breaking its force and effect in any legitimate way. See Branch's Ann. P. C., p. 62, and Gross v. State, 135 S. W., 375. It was the appellant's contention that he was forced by his nephew to assist in robbing the Bryson Bank and to sustain his contention he testified on direct examination that he was past 60 years of age and had never been charged with a felony in his lifetime. If true, it would be unreasonable to assume that a man at his advanced age would voluntarily engage in violating the law. We believe that under such state of facts the state was well within its legal right in asking him the question and elicit the testimony objected to.

By bill of exception No. 9 appellant complains of the action of the trial court in asking the defendant, after the defendant's counsel and the state had completed the examination of him, if he, the defendant, and Olin Bratcher, the codefendant, were still on friendly terms, to which appellant replied that they were. This bill of exception embraces in substance the same subject matter and the same legal proposition embraced in bill of exception No. 4 and is here disposed of in the same manner and for the same reason that we dispose of bill of exception No. 4.

Bills of exception 10 and 11 seem to be without merit and do not disclose any error whatever and are therefore overruled.

By bill of exception No. 12 appellant complains of the action of the trial court in refusing to permit him to file an application for a suspended sentence. There is no merit in this bill because the suspended sentence law does not apply to robbery cases. Article 776, C. C. P. See, also, Carreon v. State, 236 S. W., 985.

Bill of exception No. 13 relates to and embraces substantially the same subject matter and the same legal proposition as disclosed by bill of exception No. 2 and is therefore overruled for the same reason as assigned under said bill.

By bill of exception No. 14 appellant complains of the action of the trial court in overruling his motion for new trial. It appears from the order overruling the motion for new trial that the court heard evidence upon the matters urged in said motion for new trial and after mature consideration of all the testimony adduced in support of said motion overruled the same. The testimony adduced upon the hearing of the motion for new

trial is not made a part of the record in this case and not being before us we cannot intelligently determine whether the court abused his discretion in overruling the same. It has been uniformly held by this court that the granting or refusing of a motion for new trial is within the sound discretion of the trial court and in the absence of any showing that the trial court abused his discretion no reversible error is shown.

No errors otherwise appearing from the record before us, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have examined appellant's renewed complaints in bills of exception 4, 5, 6 and 7 presenting objections to certain questions propounded to witnesses by the court himself. We observe nothing in any of the questions indicating any partisanship or hostile attitude on the part of the court. We would not feel inclined to reverse because in some case the trial court may have been of opinion that some point was not properly developed, or may not have himself understood what had taken place, and had asked a question or questions of witnesses.

As for the matter complained of in bill of exceptions 8, said bill does not show what answer, if any, was made to the question deemed objectionable. At least a hundred cases are cited under note 31, article 667, Vernon's Annotated C. C. P., holding that the bill itself must disclose facts showing the error in the proceeding complained of. Kalsky v. State, 37 Texas Crim. Rep., 247; Dement v. State, 39 Texas Crim. Rep., 271; Coffey v. State, 82 Texas Crim. Rep., 57; Robinson v. State, 82 Texas Crim. Rep., 570; Lowe v. State, 88 Texas Crim. Rep., 316; Lane v. State, 89 Texas Crim. Rep., 140. For this reason the bill is not sufficient to disclose reversible error. If, however, we look to the statement of facts,—as appears was done formerly,—we note that appellant was permitted to fully explain the matter asked about, and that same constituted no reflection upon him. This in addition to what we said in our original opinion. We are not able to persuade ourselves that in any of the matters brought forward there is ground for reversal, and the motion for rehearing is overruled.

*Overruled.*