JAY W. ROWBARTS V. THE STATE.

No. 21947. Delivered February 18, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*Norman, Stone & Norman,* of Jacksonville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for robbery, punishment being seven years in the penitentiary. Appellant entered a plea of guilty.

J. F. Guhl lived in the country about four miles from Jacksonville. On the night of August 4, 1941, several parties appeared at his house. One of them asked for some matches. When Mr. Guhl opened the door to hand the matches out someone grabbed him and jerked him out of the house. They then took him back in the house, blind-folded him, and one of the parties guarded him while another guarded his wife who was in another room. In the meantime two other parties searched the house for money, finding and taking $160.00 which was hidden between the mattresses in Mrs. Guhl's room, and some eight or ten dollars which was between the mattresses in Mr. Guhl's room. The parties left Mr. Guhl on the bed with his hands and feet tied. Mr. Guhl did not know any of the robbers. The sheriff received information which lead him to suspect that appellant was one of the robbers. When accosted about the matter appellant admitted his guilt to the sheriff and gave him the names of the other three robbers. Appellant's confession is in evidence, in which he related the plan to commit the robbery; that his car was used in going to and from the place, and that he was the one who jerked Mr. Guhl out of the door. It was also stated in the confession that after the robbery appellant and one of the other robbers drove the car from the lane where it had been left to the main road while the other two attempted to obliterate the car tracks in the lane.

In bill of exception number one appellant complains because the trial court would not permit him to file an application for a suspended sentence. The court was right. Robbery is one of the offenses in which a suspended sentence is not permitted. Art. 776 C. C. P. Carreon v. State, 90 Tex. Cr. R. 572, 236 S. W. 985; Bratcher v. State, 125 Tex. Cr. R. 498, 69 S. W. (2d) 86; Hemby v. State, 105 Tex. Cr. R. 126, 286 S. W. 1099; Willis v. State, 129 Tex. Cr. R. 278, 86 S. W. (2d) 784; Etzler v. State, No. 21,753, opinion of affirmance November 19, 1941, motion for rehearing overruled February 11, 1942. (Page 327 of this volume.) Appellant urges that he was not charged with using a fire arm or other deadly weapon in perpetrating the robbery, and therefore, was entitled to apply for a suspended sentence. The statute, Art. 776 C. C. P., makes no such distinction as appellant seeks to place upon it.

Bills of exception numbers two and three recite certain excerpts from the argument of the district attorney while discussing the penalty which should be assessed. The argument was objected to. The bills as written would have had the court to certify that the argument was harmful and prejudicial and that the court declined to withdraw same from the jury. The careful trial court declined—properly, we think—to certify that the language was harmful or prejudicial, but did certify that he gave the requested instruction withdrawing the remarks from the jury. In neither instance was the language abusive nor of such harmful nature that the instruction could not cure.

Bill of exception number four also complains of the argument of the district attorney. This bill may be disposed of by the trial court's qualification that the language used was in reply to the argument of appellant's counsel.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing, appellant challenges the correctness of our conclusion of the questions presented by the record, as expressed in the original opinion. We have again carefully reviewed the record in the light of the motion and remain of the opinion that the questions re-urged were fully discussed and properly disposed of on the original submission.

588

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.