Johnny Pruitt WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 43853.

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 14, 1971.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and .Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed at life by the court after a verdict of guilty.

At the outset appellant contends there was a fatal variance between the allegata and the probata in that the evidence reflects that the person robbed was William Wolfe, not Josephine Meyer as alleged in the indictment.

Josephine Meyer testified that on July 28, 1969, she was the bookkeeper at the A & P store at 129 Little York Road in Harris County, Texas; that at about 9:30 a. m. she had in her custody and possession approximately $3,000 as she was preparing to make a bank deposit and was expecting a Brinks' truck to pick up the same that morning. She related that the store manager, Wolfe, was in the store's office with her and was counting the money to be deposited when two men with nylon stocking masks entered the store. She identified the appellant as the man who went to the check out counter and held a gun on the cashier there and testified his companion entered the office, held a pistol on her, told her not to make any "false moves" and told Wolfe he would shoot her if the money was not handed to him. The money was placed in a sack for the masked man. Mrs. Meyer testified she was in fear of

her life or serious bodily injury and for that reason she gave up the possession of the money.

She related that as the two men left the store they jerked off their masks and she was able to get a good look at both men.

William Wolfe did not testify.

The appellant offered the defense of alibi · which the jury by its verdict rejected.

■ It is apparent from the testimony that the money was in Mrs. Meyer's possession and that she was responsible for preparing the bank deposit. The fact that the manager Wolfe may have been counting the money did not necessarily give him exclusive possession. In Hasley v. State, 87 Tex.Cr.R. 444, 222 S.W. 579, relied on in Guyon v. State, 89 Tex.Cr.R. 287, 230 S.W. 408, it was noted that care, control and management of property are not necessarily exclusive in one person but may be joint in several persons. If there are two joint possessors, it may be alleged that one of them was in possession of the property. Thompson v. State, 91 Tex.Cr.R. 234, 237 S.W. 926.

■ As we view the facts, they do not show such exclusive care, control and management in Wolfe so as to render an allegation of possession in Mrs. Meyer fatal to the conviction. See Carreon v. State, 90 Tex.Cr.R. 572, 236 S.W. 985. The fact that the money was taken from Mrs. Meyer's possession rather than from her person would not call for a contrary result.

Further, quoting from Barfield v. State, 137 Tex.Cr.R. 256, 129 S.W.2d 310, this Court in Goodrum v. State, 172 Tex.Cr.R. 449, 358 S.W.2d 120, held that any possession of the victim which is superior to that · of the robber is sufficient ownership or possession to be subject to robbery, and that property taken by force and violence from an employee in a grocery store is robbery.

We find no merit in appellant's initial contention.

Appellant also advances the rather unique contention that if no evidence is offered at the penalty stage of the bifurcated trial (See Article 37.07, Vernon's Ann.C.C.P.), the court may not assess the punishment in excess of the minimum penalty set by law for the offense for which the defendant has been convicted at the guilt stage of the trial.

■ We have no authorities so holding and do not interpret our statutes to compel such an unrealistic result. It is not mandatory that the State offer evidence at the separate hearing on punishment. Morales v. State, Tex.Cr.App., 416 S.W.2d 436. In Morales it was expressly held that a defendant convicted of robbery could be assessed a term in excess of the minimum legal penalty although no separate hearing was conducted on the question of punishment.

In the case at bar the indictment, in addition to the primary offense, alleged prior convictions of felony theft on May 16, 1955, and unlawful possession of heroin on July 17, 1963, for the purpose of enhancement under Article 63, Vernon's Ann.P.C.

Testifying in his own behalf at the guilt stage of the trial, the appellant admitted on cross-examination he had been convicted on July 17, 1963, of unlawful possession of heroin and on May 16, 1955, for the offense of felony theft in the same cause number alleged. He also admitted a number of other felony convictions for burglary, theft, and narcotic violations.

At the penalty stage of the trial before the same judge who had conducted the guilt stage with a jury, the State offered State's Exhibit #1 and 2, after appellant's counsel had stipulated with the State that the appellant was "the same Johnny Pruitt Wright as named in the exhibits to be offered by the State, nothing further." The court's response to the State's offer of such exhibits was simply "All right," but the record reflects the following objection:

"MR. CAHOON: To which we object, if the Court please, on the grounds

that the introduction of these exhibits here into the record would be a violation of the 6th and 14th Amendments to the United States Constitution insofar as the rights of this defendant are concerned.

"THE COURT: All right, anything further?

"MR. WHITE: The State rests, Your Honor."

State's Exhibit #1 attached to the appellate record, approved without objection, reflects authenticated copies of the Department of Corrections records along with a photograph and a set of fingerprints which show the 1955 felony theft conviction alleged for enhancement purposes. Encompassed in said exhibit are a number of certified copies of judgments and sentences in contemporaneous felony convictions. State's Exhibit #2, also attached to the record, reflects the authenticated prison packet concerning the 1963 possession of heroin conviction alleged for enhancement. Included in such exhibit are also certified copies of judgments and sentences of other felony convictions.

The appellant urges that these exhibits were not properly admitted at the penalty stage of the trial; that the evidence at the guilt stage was not re-offered; that in fact no evidence of probative value was offered at the penalty stage of the trial.

The State acknowledges in its brief that the "court's ruling on appellant's objection to the exhibits at the time they were offered by the State is ambiguous," but contends that "in absence of announcement by the court of a finding that the enhancement allegations were true, the sufficiency of the proof of the prior convictions is not presented for review." The State contends it was entitled to allege prior convictions for enhancement and the failure, if any, of proof of the same would not vitiate the conviction for the primary offense.

At the conclusion of the penalty stage of the trial, the trial judge, the trier of the facts, assessed the punishment at life and noted on the docket sheet that punishment was being assessed "as a first offender." Life is within the statutory range of punishment for robbery by assault. See Article 1408, V.A.P.C. The judgment reflects that the conviction is for "Robbery by assault" and the sentence reflects that the indeterminate sentence law (Article 42.09, V.A.C.C.P.) was applied ("not less than 5 years nor more than life").

It is clear from the above that the trial judge did not utilize either Article 62 or Article 63, V.A.P.C., in assessing punishment.

▇▇▇ We thus fail to see how the appellant was prejudiced even if it can be said that the exhibits were not properly received into evidence at the penalty stage of the trial. And normally there would be no requirement that the evidence heard at the guilt stage of the trial would have to be re-offered at the penalty stage of the trial before it could be considered on the issue of punishment. This is particularly true where the judge who assesses punishment presided at the guilt stage of the proceedings and heard such evidence. Since, as earlier noted, there is no mandatory requirement that the State offer evidence at the hearing on punishment, we find no merit in any of appellant's contentions.

The judgment is affirmed.