# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00005-CR

**Rosendo Jaimes Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 0985262, HONORABLE JON WISSER, JUDGE PRESIDING

A jury convicted appellant Rosendo Jaimes Martinez of aggravated assault with a deadly weapon and assessed punishment at eight years' confinement. *See* Tex. Pen. Code Ann. § 22.02(a) (West 1994). On appeal, Martinez alleges the district court made various reversible evidentiary errors. We will affirm.

In August 1998, Ernesto Rodriguez and some friends went to a nightclub in Austin. Rodriguez testified that as he and his friends left the club and walked through the parking lot, they smelled drugs and someone commented aloud about the smell. Immediately after the comment was made, Rodriguez and his friends were attacked and Rodriguez was badly cut with a beer bottle. Rodriguez needed stitches to treat stab wounds to his face and back. Rodriguez and his friends testified that they did not start the fight or act aggressively toward anyone before they were attacked.

Austin Police Officer Jarrell responded to a report of a stabbing at the nightclub. When he arrived at the club, he saw Detective Jardine chasing someone through the parking lot. Jarrell followed and caught up as Jardine was handcuffing the person, later identified as Martinez, in front of an apartment building. Jarrell said Martinez had cuts on his hands, blood on his hands and shoes, and appeared to have been in a fight. At the scene of the arrest, Jarrell saw a bloodied white t-shirt on the ground. At the scene of the fight, the police found "a lot of blood on the ground and some broken bottles."

**Admission of Photographic Exhibits**

In his first and second points of error, Martinez contends the district court erroneously admitted irrelevant and inflammatory photographic exhibits. In his third point of error, he contends the court erroneously admitted cumulative exhibits.

During Jarrell's testimony, the State sought to introduce photographic exhibits 52, 55, and 56.[1] Martinez objected that the exhibits were irrelevant and inflammatory, but the district court overruled the objection and admitted the exhibits into evidence. The State then sought to introduce photographic exhibits 1 through 51. Martinez objected that these photographs were irrelevant, inflammatory, and cumulative. The district court sustained Martinez's objection to three photographs and overruled the objection to the others, admitting into evidence exhibits 1 through 18 and 22

---

[1] Exhibits 52, 55, and 56 are photographs taken of Martinez at the time of his arrest. Exhibit 52 is a close-up photograph of Martinez's face and exhibits 55 and 56 are photographs of his bloodied hands, taken from two different angles.

through 51.[2] On appeal, Martinez contends the district court erred in admitting exhibits 52, 55, and 56 because those exhibits were irrelevant and inflammatory and in admitting exhibits 1 through 18 and 22 through 51 because they were irrelevant, inflammatory, and cumulative.

All relevant evidence, unless otherwise barred by constitution, statute, or rule, is admissible at trial. Tex. R. Evid. 402. Relevant evidence is that which tends to make a fact at issue more or less probable. Tex. R. Evid. 401. Relevant evidence may be excluded only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403; *Mozon v. State*, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). Our review of a trial court's admission of evidence is conducted under an abuse of discretion standard. *Mozon*, 991 S.W.2d at 846; *Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd). In reviewing a trial court's balancing determination, we will "reverse the trial court's judgment 'rarely and only after a clear abuse of discretion.'" *Mozon*, 991 S.W.2d at 847

---

[2] Exhibits 1 through 5 and 28 through 51 are photographs taken of the scene of the assault. They depict the parking lot of the nightclub with liquid and blood streaming across the pavement. Many of the photographs show broken beer bottles and debris lying on the pavement, two show a strap with a metal buckle from two different angles, and two show the store across the parking lot from the nightclub. Exhibits 6, 7, and 8 are photographs taken at different distances of a pair of athletic shoes with blood on the toe of one shoe, and 9 and 10 show an unidentified man wearing the shoes. Exhibits 11, 12, 13, and 14 show a white cloth on the ground (the t-shirt found at the scene of Martinez's arrest), taken from different distances and angles. Exhibits 15, 16, 17, and 18 are of the area where Martinez was arrested and show different angles and views of a building and stairs, and 22 is of a sign for the apartments where Martinez was arrested. Exhibit 23 is a photograph of Martinez's neck and the upper part of his torso, exhibits 24 and 25 are of his shoes with spots of blood on them, exhibit 26 is of his blood-covered hands, and exhibit 27 is of his face and torso. No one photograph is identical to another, but several are very similar. Each photograph differs from the others by the angle or direction of the photograph or the closeness to or clarity of the item depicted.

3

(quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991)); *see Poole*, 974 S.W.2d at 897 (admission of evidence upheld if decision lies within "zone of reasonable disagreement").

When a defendant objects to evidence under rule 403, the trial court must weigh the evidence's probative value against any danger of unfair prejudice. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997); *Poole*, 974 S.W.2d at 897. Only when the probative value of the evidence is *substantially outweighed* by the potential for unfair prejudice should the evidence be excluded, and relevant evidence carries a presumption that it is more probative than prejudicial. *Santellan*, 939 S.W.2d at 169; *Poole*, 974 S.W.2d at 897. Factors to be considered when considering a rule 403 objection include the number of exhibits, the level of detail, gruesomeness, and size of the exhibits, whether they are close-up photographs, the availability of other proof, and other circumstances specific to the case. *Santellan*, 939 S.W.2d at 172. That a photographic exhibit is somewhat gruesome (such as photographs of blood, bruising, or cuts) does not mean the photograph should be excluded. *Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997); *Santellan*, 939 S.W.2d at 173; *Sonnier v. State*, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995). Generally, if verbal testimony describing the subject of a photograph is relevant and admissible, the photograph is also admissible. *Williams*, 958 S.W.2d at 195; *Dusek v. State*, 978 S.W.2d 129, 136 (Tex. App.—Austin 1998, pet. ref'd).

The record reflects that the State did not discuss each exhibit individually; indeed, the State did not refer to some of the exhibits at all after they were admitted. However, this does not make them irrelevant. The photographs depicted various facts relevant to the State's case—the crime

4

scene, the alleged weapon, evidence of fairly serious injuries, the area where Martinez was arrested as he fled from the police, and Martinez's appearance as he was arrested. We cannot say the photographs to which Martinez objected were irrelevant.

As for their potential prejudicial effect, although several of the photographs of which Martinez complains show blood at the scene or on his hands, none is particularly gruesome or otherwise objectionable. They were certainly not so horrifying that a normal juror would have difficulty rationally deciding the case after viewing them. *Alvarado v. State*, 912 S.W.2d 199, 212 (Tex. Crim. App. 1995) (two murder victims were stabbed eighteen and thirty-four times, respectively; photos of knife wounds and of one victim's body at scene not unfairly prejudicial); *see Etheridge v. State*, 903 S.W.2d 1, 20-21 (Tex. Crim. App. 1994) (not error to admit autopsy photos of raped murder victim, including close-ups of injuries); *Long v. State*, 823 S.W.2d 259, 272-75 (Tex. Crim. App. 1991) (not error to admit photos of three murder victims at crime scene; however, error to admit autopsy photos that were "entirely cumulative of . . . the crime scene exhibits. . . . therefore [they had] very little probative value and, considering their gruesomeness, were very prejudicial"). We overrule Martinez's first and second points of error.

Martinez also argues that exhibits 1 through 18 and 22 through 51 should have been excluded because they were cumulative. Initially, we note that the exhibits are not entirely repetitive, but show different items or scenes, such as the area where Martinez was arrested, the large parking lot where the assault occurred, and broken beer bottles and debris. All of the photographs were taken from different angles and distances from their subjects. Further, the portion of rule 403 that authorizes a trial court to exclude cumulative evidence is concerned not with the threat of an

5

inaccurate jury verdict, but with the efficiency of judicial proceedings. *Alvarado*, 912 S.W.2d at 212-13. Cumulativeness, while a factor that may allow a court to exclude evidence, is not an independent basis for exclusion. *Id*. at 213. We overrule Martinez's third point of error.

**Hearsay Testimony**

In his fourth point of error, Martinez contends the district court erroneously admitted hearsay testimony.

Jarrell testified that he interviewed Pedro Tovar, an employee of the nightclub and an eyewitness to the assault. The State asked Jarrell, "Would you state whether or not Mr. Tovar provided you with an identification of a suspect?" Martinez objected that the question called for hearsay, the district court overruled the objection, and Jarrell answered, "He provided me with a description, yes, ma'am." The State then asked whether Jarrell used that description to make an arrest, and Martinez again objected on the basis of hearsay. The district court allowed the question, and Jarrell answered, "Detective Jardine actually made the arrest, and that was based on his knowledge of the crime."

Martinez argues on appeal that the district court erred in allowing Jarrell's testimony regarding Tovar's description of Martinez because it involved hearsay. Hearsay is a statement other than one made by the declarant at trial which is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). An out-of-court statement offered not to show the truth of the statement itself, but for the purpose of showing what was said, is not hearsay. *Dinkins*, 894 S.W.2d at 347. A statement made to a police officer may be admitted to explain how a defendant came to be a suspect rather than to prove the truth of the

6

statement. *Id.*; *Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992). Jarrell's statement that Tovar described an assailant was not offered to prove that Martinez was the assailant, but to show how Jarrell's attention came to be focused on Martinez as a suspect. We note that when asked if Tovar's statement was the reason Martinez was arrested, Jarrell explained that Jardine arrested Martinez based on Jardine's knowledge of the crime. Further, when other evidence of the same fact is admitted elsewhere in the record without objection, it is not error for the trial court to have overruled the objection to the evidence. *Leday v. State*, 983 S.W.2d 713, 717-18 (Tex. Crim. App. 1998). Tovar testified that he identified Martinez at the scene and in a written statement, essentially duplicating Jarrell's statement that Tovar described the assailant. The district court did not err in overruling Martinez's hearsay objections. We overrule Martinez's fourth point of error.

**Cumulative Testimony**

In his fifth point of error, Martinez complains that the district court erroneously allowed the State to elicit cumulative testimony regarding his failure to appear to answer the charges and his bond forfeiture.

On cross-examination, Martinez said he knew when he bonded out of jail that he had to return to answer charges and admitted that he moved to Odessa and did not return when required. When asked why he moved away when he knew felony charges were pending, Martinez said, "I didn't feel I was guilty on this crime, and at the time I was running out of money. So for my wife needed me [sic] to be out there and everything. I just made a bad mistake in my life not to come and show up in court." Martinez said he knew he was "away without authorization from the court" for about a year and a half and knew there was an arrest warrant out for him because he did not return to court.

7

The State then asked Martinez about his version of the assault. Later in the same cross-examination, the following exchange took place:

State: And you failed to come back to court after having bonded out of jail for a year and a half—

Martinez: Judge, I'm going to object. This has been asked and answered.

State: Well—

Court: We'll overrule the objection. That's fine.

State: Why did you fail to come back to court for a year and a half after having bonded out that first time.

Martinez: Because I ran out of money and I needed to take care of [my] family, like I said earlier. I didn't have no money to pay my lawyer. That's the mistake I made.

The State then asked more questions regarding Martinez's knowledge of the evidence against him.

Martinez contends on appeal that the State's second question regarding his bond forfeiture and failure to appear was cumulative. He argues that the State "repeatedly [got] before the jury the fact that Appellant forfeited his bond after being released from jail" and that "[s]uch belaboring of this point" prejudiced the jury against him.

The fact that the State, in twenty-seven pages of cross-examination, asked two similar questions regarding Martinez's failure to appear is hardly belaboring the point. We cannot hold that the district court abused its discretion in finding that the second question regarding Martinez's failure to appear did not unfairly prejudice the jury against him. We overrule Martinez's fifth point of error.

8

**Evidence Introduced During the Penalty Phase**

Finally, Martinez contends that during the penalty phase, the district court erred when it *sua sponte* admitted evidence against him.

After the jury returned its guilty verdict, the State called one witness and then said:

> Your Honor, we would reoffer into evidence for punishment purposes State's Exhibits 1 through 67 – I'm sorry, 1 through 65, and we would now offer State's Exhibits 66, 67, both of which are certified copies of prior judgments. And we'd also offer State's Exhibits 68, 69, 70, and 71.

Martinez said, "I would at this time renew any objections that I made at the time of trial to any of the evidence that was reintroduced." The district court ruled, "All of the evidence that was admitted at the initial stage of the trial is admitted at this stage."

Martinez argues that by stating all of the *evidence* was admitted, the district court went beyond the State's request and *sua sponte* admitted testimony from the guilt/innocence phase, in addition to the exhibits. Martinez cites no authority for this proposition.

Initially, we note Martinez did not object to the district court's admittance of the *evidence* from the guilt/innocence phase. The only objection he made was to raise his earlier objections. Furthermore, it is not necessary for evidence admitted during the guilt/innocence phase to be reintroduced for it to be considered in the punishment phase. *See Buchanan v. State*, 911 S.W.2d 11, 13 (Tex. Crim. App. 1995) (citing *Ex parte Kunkle*, 852 S.W.2d 499, 502 (Tex. Crim. App. 1993)); *Wright v. State*, 468 S.W.2d 422, 425 (Tex. Crim. App. 1971). We overrule Martinez's sixth and final point of error.

9

Having overruled all of Martinez's points of error, we affirm the district court's judgment.

_

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 6, 2001

Do Not Publish